**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 22 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

JANE T. GUEVARA,

Plaintiff - Appellant,

v.

BEST WESTERN STEVENS INN,
INCORPORATED,

Defendant - Appellee.

No. 03-2056
(D.C. No. CIV-01-823 WJ/LCS)
(D. New Mexico)

---

ORDER AND JUDGMENT   *

---

Before **SEYMOUR** , **BRISCOE** , and **LUCERO** , Circuit Judges.

---

Jane T. Guevara, appearing pro se, appeals from a grant of summary

judgment in favor of her former employer, Best Western Stevens Inn, Inc., ("Best

Western") on claims of age and national-origin discrimination and retaliation

brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e

et seq., and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634.

---

\*      The case is unanimously ordered submitted without oral argument pursuant
to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

She also appeals the district court's denial of her motion for relief from judgment under Fed. R. Civ. P. 60(b), alleging fraud upon the court. Reviewing the grant of summary judgment de novo, Harvey Barnett, Inc. v. Shidler, 338 F.3d 1125, 1128 (10th Cir. 2003), and the denial of the Rule 60(b) motion for abuse of discretion, Plotner v. AT & T Corp., 224 F.3d 1161, 1174 (10th Cir. 2000), we affirm.

## I

Guevara was the evening head waitress at the Best Western in Carlsbad, New Mexico. In July 2000, she filed a charge of age and national-origin discrimination with the Equal Employment Opportunity Commission (EEOC), alleging that she had been harassed daily since May 1974 and disciplined for situations that were not her responsibility or fault. On December 27, 2000, the EEOC issued a right-to-sue letter, which notified Guevara of the ninety-day statutory period to file suit.

On November 20, 2000, Best Western placed Guevara on administrative leave with pay, and on December 31, 2000, terminated her employment. As grounds for termination, Best Western stated that Guevara continually violated supervisors' instructions and created problems with other employees, as evidenced by a string of written warnings. After her termination, Guevara filed a second EEOC charge, this time alleging retaliation for filing the first EEOC

charge. The EEOC's right-to-sue letter, containing the notice of suit rights, was mailed on April 19, 2001.

On July 18, 2001, Guevara filed a complaint in federal court alleging discrimination on the basis of age and national origin and retaliation, and Best Western moved for summary judgment. In ruling on the motion, the district court concluded that: (1) only Guevara's retaliation claim was timely-filed; and (2) Guevara failed to establish a prima facie case of retaliation. Moreover, although the district court concluded that Guevara's discrimination claims were time-barred, it nonetheless examined them within the scope of her retaliation claim and found them to be without merit. The court therefore granted summary judgment to Best Western and subsequently denied Guevera's motion for relief from judgment. This appeal followed.

## II

We turn first to the question of whether Guevara's claims of employment discrimination, as distinct from retaliation, are time-barred. Unless a Title VII or ADEA plaintiff files suit within ninety days of receiving a right-to-sue letter from the EEOC, she is foreclosed from bringing suit on the allegations made in her EEOC claim. 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e). Because Guevara filed suit 203 days from the mailing date of the right-to-sue letter on her discrimination charge and asserts no reasons for extended delays or equitable

tolling, we conclude that Guevara's discrimination claims are untimely and do not consider them on appeal.

As to the retaliation claim, Guevara met the ninety-day deadline. Accordingly, we measure Guevara's claim against the appropriate summary-judgment standards. To establish a prima facie case of retaliation, Guevara must show that: (1) she engaged in protected activity under Title VII or the ADEA; (2) she subsequently suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment action. Wells v. Colo. Dep't of Transp., 325 F.3d 1205, 1213 (10th Cir. 2003).

Having filed an EEOC charge and having been discharged, Guevara easily meets the first two steps to establish a prima facie case. However, she fails to show a causal connection between her filing of the EEOC charge and her termination. "A causal connection is established where the plaintiff presents evidence sufficient to raise the inference that her protected activity was the likely reason for the adverse action." Corneveaux v. CUNA Mut. Ins. Group, 76 F.3d 1498, 1507 (10th Cir. 1996) (quotation omitted).

In evaluating the causal-connection element of a prima facie retaliation claim, we consider the employer's proffered reasons for its actions, see Wells, 325 F.3d at 1217–18, as well as the timing of the adverse action. "[T]he closer" the date of a plaintiff's termination "to the protected activity, the more likely it

-4-

will support a showing of causation." Anderson v. Coors Brewing Co., 181 F.3d 1171, 1179 (10th Cir. 1999). For instance, a one and one-half month period between a protected activity and an adverse action may, by itself, establish causation. Id. However, a three-month period, standing alone, is insufficient. Id.

The almost five-month gap between Guevara's filing of her first EEOC charge and her termination, without more, cannot support an inference of causation. See id. Furthermore, Best Western's treatment of Guevara did not change between her initial EEOC charge and her termination. After the filing of the charge, Best Western continued to counsel Guevara about changing her behavior through written disciplinary actions. These warnings demonstrate both the consistency of Best Western's actions and the legitimate reasons for Guevara's discharge. (Appellee's Supp. App. at 51–96.) Because Guevara has failed to raise any genuine issues of material fact linking the filing of her EEOC claim to her termination, we affirm the district court's grant of summary judgment to Best Western.

Finally, we address Guevara's claim that the district court abused its discretion when it denied her motion for relief from judgment under Fed. R. Civ. P. 60(b). We will reverse a district court's denial of a Rule 60(b) motion "only if we find a complete absence of a reasonable basis and are certain that the district court's decision is wrong." Plotner, 224 F.3d at 1174 (quotations

omitted).  We find no suggestion that the district court abused its discretion in denying Guevara's Rule 60(b) motion.  We specifically note that Guevara's numerous allegations of fraud have no support in the record.  Further, there is no error in the district court's ruling on the Rule 60(b) motion before the filing of a reply brief.   See Walter v. Morton  , 33 F.3d 1240, 1244 (10th Cir. 1994).

The judgment of the district court is AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court


Carlos F. Lucero
Circuit Judge

-6-